IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE

FREEMAN G BAGNALL                                              Case No. 10-12319-JFS
                                                               Chapter 13
    Debtor
_____

CITIBANK, N.A., AS TRUSTEE FOR
CERTIFICATEHOLDERS, OF BEAR STEARNS
ASSET BACKED SECURITIES TRUST 2007-2,
ASSET BACKED CERTIFICATES, SERIES 2007-2

    Movant

    v.

FREEMAN G BAGNALL
MARY M. BAGNALL
967 Phillips Dr
Arnold, MD 21012


    Respondents
_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY AND FOR IMPOSITION OF EQUITABLE SERVITUDE

    COMES NOW, Citibank, N.A., as Trustee for certificateholders, of Bear Stearns Asset Backed Securities Trust 2007-2, Asset Backed Certificates, Series 2007-2, movant, by its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and respectfully represents as follows:

    1.    Jurisdiction is based on 11 U.S.C. Section 362(d)-(f) and 1301.

    2.    On or about February 3, 2010, to avoid a foreclosure sale being scheduled, Freeman G Bagnall ("Debtor") filed a Voluntary Petition in the Court under Chapter 13 of the Bankruptcy Code.

3.     Gerard R. Vetter is the Chapter 13 trustee of the Debtor's estate.

4.     Mary M. Bagnall ("Co-Debtor") is a co-debtor on this Note.

## BANKRUPTCY BACKGROUND

5.     Prior to a foreclosure sale scheduled, the Debtor and Co-Debtor previously filed their first Chapter 13 bankruptcy case in this Court on December 12, 2007, commencing case number 07-22636 ("First Bankruptcy Case").  After the case was filed, 1 post petition payment was made to the Movant and the Movant filed a motion for relief from the automatic stay on April 25, 2008, docket entry 55, with a order granting relief from automatic stay being entered on May 25, 2008.  The case was dismissed August 19, 2008 after failure to confirm a plan.

6.     In order to prevent another foreclosure sale from being scheduled, the Debtors previously filed another Chapter 13 bankruptcy case in this Court on October 9, 2008, commencing case number 08-23140 ("Second Bankruptcy Case").  After the case was filed, no post petition payments were made to the Movant and the Movant filed a motion for relief from the automatic stay on February 5, 2009, docket entry 33, with a consent order modifying the stay being entered on March 5, 2009.  After no post petition payments were received by the Debtors, the Movant filed a notice of default on May 21, 2009 , docket entry 58. Notice of Secured Creditor's Intent to Commence Foreclosure Proceedings was filed on August 18, 2009. The case was dismissed on February 1, 2010 after the debtors defaulted on plan payments.

**REAL PROPERTY**

7. At the time of the initiation of these proceedings the Debtor and Co-Debtor owned a parcel of fee simple real estate located in Worcester County, Maryland known as 504 Eagle Drive, Unit 57, Ocean City, Maryland (hereinafter "the Subject Property").

8. The subject property is encumbered by a Deed of Trust securing the Movant, and recorded in the land records of Worcester Maryland. A copy of the Deed of Trust is attached hereto.

9. The total amount due under the Deed of Trust securing the Movant as of February 12, 2010, including attorney's fees and court costs, is approximately $90,075.33. The original principal balance in September of 2003 was $74,470.00. The loan is contractually due for December of 2007 and equity in the residence is dissipating.

10. The Debtor and co-debtor are in default under the Deed of Trust, and the Movant has accelerated the entire balance of the Note and Mortgage and interest continues to accrue.

11. The Movant lacks adequate protection of its interest in the subject property.

12. The Movant has been and continues to be irreparably injured by the stay of Sections 362 and 1301 of the Bankruptcy Code, which prevents Movant from enforcing its rights under the Note and Deed of Trust.

13. Cause exists for lifting the automatic stay imposed by Sections 362 and 1301 of the Bankruptcy Code to enable the Movant to enforce its rights under its Note and Deed of Trust.

14. The subject property is not necessary for an effective reorganization.

## BAD FAITH FILING

15. This is the third bankruptcy filing in the past twenty six (26) months by the Debtor and Co-Debtor.

16. The Movant has been unsuccessful in beginning foreclosure proceedings as the debtor and co-debtor have filed new Chapter 13 cases soon after the dismissal of the previous cases.

17. As the Debtor and Co-Debtor have been unable to successfully complete their previous bankruptcies, where pre-petition arrears were less than they are today, the chances of the Debtor's success in this Third Bankruptcy Case are unrealistic. The Debtor has no realistic ability to effectively reorganize.

18. In the First Bankruptcy Case, the Movant's filed proof of claim listed pre-petition arrears of $3,124.27. In the Second Case, the Movant's proof of claim listed pre-petition arrears of $9,734.74. In the current case, the Movant will be filing a proof of claim listing pre-petition arrears of $15,032.24.

19. Additionally, the Debtor and Co-Debtor have demonstrated their inability to make post-petition mortgage payments while in bankruptcy. Since the filing of the first case in December of 2007, the Movant has not received any monthly payments.

20. The Debtor has filed this Third Bankruptcy Case, merely for the purpose of delaying the Movant from exercising its rights of foreclosure.

21. To protect against a possible future bankruptcy filing by the Debtor or Co-Debtor, the Movant requests that this Court grant an Order providing protection for the Movant with respect to this Property from any future bankruptcy filing.

WHEREFORE, the Movant, EMC Mortgage Corporation, its successors and/or assigns, respectfully requests that this Honorable Court:

1. Enter an order terminating the automatic stay imposed by Sections 362 and 1301 of the Bankruptcy Code to enable it to proceed with a foreclosure sale of the real property and improvements located at 504 Eagle Dr., Unit 57, Ocean City, MD 21842; and

2. Grant prospective relief such that any future bankruptcy filing by the Debtor, Co-Debtor or any party to which they may transfer the Subject Property, will not create a stay with respect to the Subject Property for 180 days; and

3. Grant such other and further relief as may be just and necessary.

Respectfully Submitted,

/s/ Mark D. Meyer
Mark D. Meyer, #15070
Rosenberg & Associates, LLC
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
(301) 907-8000
(301) 907-8101 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February 15, 2010, a copy of the foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid, to the following who were not served electronically:

| | |
|---|---|
| Freeman G Bagnall<br>Mary M. Bagnall<br>967 Phillips Dr<br>Arnold, MD 21012 | Gerard R. Vetter, Trustee<br><br>Robert E. Molloy |

    /s/ Mark D. Meyer
    Mark D. Meyer